**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
**UNITED STATES OF AMERICA**

        -against-                                     **MEMORANDUM AND ORDER**

**ELEAZER PEREYRA,**                          **09-MJ-198 (RLM)**

                     **Defendant.**
-------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

On June 23, 2007, defendant Eleazar Pereyra ("Defendant" or "Mr. Pereyra") was arrested and charged with resisting arrest, disorderly conduct, and public intoxication to a dangerous degree, based upon an altercation with a National Park Police officer at Jacob Riis Park in Queens, New York. Following a bench trial held on May 1, 2009 before the undersigned magistrate judge, Mr. Pereyra was found guilty of resisting arrest, in violation of 36 C.F.R. § 2.32(a)(1), and disorderly conduct, in violation of 36 C.F.R. § 2.34(a)(1).

On the eve of sentencing, the government submitted a letter recommending a sentence of one year's probation, pursuant to 18 U.S.C. § 3561(a), and a $1,000 fine, pursuant to 18 U.S.C. § 3571(b)(6). See Letter from Benton J. Campbell, Counsel for the Government, to the Court (May 20, 2009) ("5/20/09 Gov't Letter"), ECF Docket Entry ("D.E.") #33 at 1. As conditions of probation, the government further recommended that defendant (1) refrain from excessive use of alcohol or narcotic drugs without a prescription; (2) refrain from possessing a firearm; (3) submit to treatment for alcohol and/or narcotics dependency pending evaluation by his probation officer regarding the propriety of such a treatment program; (4) complete 200 hours of community service as directed by the Court; and (5) report to a probation officer to ensure that the aforementioned community service was completed. See id. at 1-2.

The next morning, just prior to his sentencing hearing, defendant filed a letter in response, arguing that (1) contrary to the government's assertions, the statute authorizing the pertinent regulations, 16 U.S.C. § 3, limits punishment for the violations at issue to either a fine of not more than $500, imprisonment not exceeding six months, or both; and (2) a sentence in excess of the collateral forfeiture amount offered in lieu of an appearance ($400 for the two violations on which defendant was convicted) would violate defendant's rights under the Fourth, Fifth, and Sixth Amendments to the Constitution. See Letter from David J. Klem, Counsel for Defendant, to the Court (May 21, 2009) ("5/21/09 Def. Letter"), D.E. #32. The defense also contended that the appropriate sentence was at most a "nominal fee" and two $10 special assessments. Id. at 2. At the sentencing hearing, during which the abovementioned issues were argued, the Court ordered further briefing on the constitutional challenge. See Minute Entry and Order (May 21, 2009), D.E. #34.

In its written response to the defense position, the government argued that post-trial sentences greater than those offered during plea negotiations are permissible in this jurisdiction, notwithstanding the seemingly contrary, extra-jurisdictional case law cited by defendant. See Letter from Benton J. Campbell, Counsel for the Government, to the Court (May 28, 2009) ("5/28/09 Gov't Response"), D.E. #35. Defendant, in his reply, reiterated his contention that punishment greater than the amounts listed on the violation notices would unduly burden his right to trial. See Letter from David J. Klem, Counsel for Defendant, to the Court (June 4, 2009) ("6/4/09 Def. Reply"), D.E. #36 at 2-3.

This Court rejects defendant's constitutional challenge. Based on well-established, controlling precedent with respect to plea bargaining and post-trial sentencing, coupled with the nature of defendant's dangerous behavior, the Court concludes that it is not constitutionally bound to the amount of the collateral forfeiture.

## DISCUSSION

Defendant first argues that punishment for violations of 36 C.F.R. §§ 2.32(a)(1) and 2.34(a)(1) is limited by section 3 of Title 16 of the United States Code. See 5/21/2009 Def. Letter at 1. Under section 3, individuals "shall be punished by a fine of not more than $500 or imprisonment for not exceeding six months, or both[.]" 16 U.S.C. § 3. The government counters that section 3 applies only to general park management, and as such is inapposite in the present circumstances. See 05/28/09 Gov't Response at 2 n.2. Instead, the government asserts, the relevant framework for punishment is located within Title 18, which permits a fine of as much as $5,000 for each count of conviction and probation for up to five years. Id. at 2 (citing 18 U.S.C. §§ 3561(a), 3571(b)(6)). Because this Court does not in any event intend to impose a sentence that exceeds that permitted under section 3, it need not resolve this statutory dispute.

Defendant also argues that a sentence in excess of the collateral forfeiture amount would violate his constitutional right to trial. See 5/21/2009 Def. Letter at 2. The Supreme Court has held that sentencing structures are unconstitutional if they "needlessly" encourage guilty pleas by imposing an "impermissible burden upon the assertion" of the right to trial. United States v. Jackson, 390 U.S. 570, 583 (1968). Nevertheless, it is permissible to

encourage guilty pleas through "substantial benefits" offered in the negotiation process. See Corbitt v. New Jersey, 439 U.S. 212, 219 (1978). To determine whether an encouragement of a guilty plea is constitutionally permissible, the Court must analyze whether the sentencing disparity exerts "such a powerful influence to coerce inaccurate pleas," thereby rendering the plea suspect. See Corbitt, 439 U.S. at 225.

In support of his constitutional challenge, defendant cites United States v. Porter, 513 F.Supp. 245, 249 (M.D. Tenn. 1981), which reduced to $30 a $150 fine imposed post-trial by a magistrate judge, where the local rules of the court provided for the forfeiture of $15 collateral in lieu of a court appearance; the district court concluded that the disparity between the $15 forfeiture and the $150 fine was unconstitutional because it gave rise to "systemic coercion," burdening the defendant's right to trial.[1] Id.; see also Scharf v. United States, 606 F.Supp. 379, 383 (E.D. Va. 1985) (observing, in dictum, that the disparity between a $40 collateral forfeiture and a potential post-trial penalty of $500 and/or six months in prison, plus a $25 special assessment, "needlessly chilled" the defendant's right to trial). Defendant also relies on United States v. Peterson, 897 F.Supp. 499, 501 (D. Colo. 1995), which held that a defendant charged with a violation of 36 C.F.R. § 261.10(c) – prohibiting unauthorized "work activit[ies] or service[s]" on national park land – would "not be penalized" for exercising his right to trial and would have the opportunity to "argue for a reduction in the collateral forfeiture amount." However, the court in Peterson neither stated that fines above the

---

[1] The court then determined – "somewhat arbitrarily" – that a sentence of double the collateral forfeiture amount would be constitutionally permissible. Porter, 513 F.Supp. at 249.

collateral forfeiture amount *would* constitute a penalty on the exercise of the right to trial, nor did it address the constitutional question at issue here.

As the government correctly argues, the decisions cited by defendant are not controlling in this jurisdiction, see United States v. Roper, No. 03-M-361 (CLP), 2004 WL 3214758, at *2 (E.D.N.Y. Nov. 17, 2004),[2] where well-established precedent permits sentences greater than those offered during plea negotiations.  See Walker v. Walker, 259 F.Supp.2d 221, 226 (E.D.N.Y. 2003) (holding that a post-trial sentence of concurrent terms of twenty-five years to life, after a pretrial offer of an eight-year term, did not violate defendant's constitutional right to trial because "the mere fact" of a greater post-trial sentence than that offered during plea bargaining did not evidence a punishment for exercising the right to a trial).  Further, in Corbitt, the Supreme Court held that it is constitutionally permissible to withhold leniency to those who do not "demonstrate those attributes on which leniency is based"—i.e., contrition. Corbitt, 439 U.S. at 224; see also United States v. Araujo, 539 F.2d 287, 292 (2d Cir. 1976) (noting that "[a] show of lenience to those who exhibit contrition by admitting guilt does not carry a corollary that the Judge indulges a policy of penalizing those who elect to stand trial.") (internal quotation marks and citation omitted).

The issue in this case, then, is whether the imposition of a sentence in excess of the $400 collateral forfeiture amount impermissibly burdens Mr. Pereya's right to stand trial.

---

[2] Defense counsel is undoubtedly familiar with Roper as he represented the defendant in that case and advanced a similar constitutional challenge, citing the decisions in Porter and Scharf. As Judge Pollak observed in Roper, see 2004 WL 3214758, at *2, neither Porter nor Scharf is controlling in this Circuit, and both contravene explicit and well-established controlling precedent.

Here, defendant asserts that the disparity between the collateral forfeiture amount and *any* greater post-trial sentence would penalize the exercise of that right. This Court disagrees. As noted above, the mere existence of a sentence greater than those punishments offered, but rejected by the defendant, during plea negotiations does not offend a defendant's constitutional right to trial. See Corbitt, 439 U.S. at 224; Araujo, 539 F.2d at 292. Furthermore, the record does not support any finding or inference that Mr. Pereyra was coerced into entering an inaccurate plea, the concern identified by the Supreme Court in Corbitt; to the contrary, defendant withdrew his payment of collateral in order to stand trial, and was subsequently found guilty on two counts. More importantly, the collateral forfeiture amount in the instant case – $400 – is a substantial sum, a far cry from the *de minimis* amounts at issue in Porter and the other cases cited by the defense. In Porter, the court concluded that "[r]easonable people do not generally pass up the opportunity to mail in $15 when a trial carries the possibility of a fine up to $500, or even incarceration." Porter, 513 F.Supp. at 249. In contrast, collateral forfeiture in the amount of $400 would not have the same impact on reasonable people.

Lastly, the gravity of defendant's conduct and the fact that he has not assumed responsibility for his actions support a sentence greater than the collateral forfeiture amount. Therefore, the Court concludes that a fine of $500, coupled with probationary measures, is

well within constitutional bounds and does not impermissibly penalize defendant for exercising his right to trial.

## CONCLUSION

For the foregoing reasons, the Court rejects defendant's constitutional challenge to a sentence in excess of the collateral forfeiture amount.

The sentencing proceeding will take place on June 26, 2009 at 4:00 p.m.

**SO ORDERED.**

**Dated:**     **Brooklyn, New York**
            **June 18, 2009**

                                        **ROANNE L. MANN**
                                        **UNITED STATES MAGISTRATE JUDGE**